**IN THE COURT OF APPEALS OF IOWA**

No. 17-0888
Filed June 6, 2018

**JOE WILLIE CANNON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Des Moines County, John G. Linn,

Judge.

     Joe Cannon appeals the dismissal of his fifth application for postconviction

relief. **AFFIRMED.**

     Blake D. Lubinus of Lubinus Law Firm, PLLC, Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

     Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Joe Cannon was convicted of first-degree murder and first-degree burglary in 1993, and this court affirmed his convictions the following year. *See State v. Cannon*, No. 93-1527 (Iowa Ct. App. Nov. 28, 1994). Now, almost twenty-five years later, Cannon's fifth postconviction-relief (PCR) action is before us on appeal. Cannon's four prior PCR actions failed because his claims were time-barred, procedurally barred, meritless, or some combination thereof. This court affirmed each on appeal.[1] *See Cannon v. State*, No. 13-1661, 2015 WL 5278916 (Iowa Ct. App. Sept. 10, 2015); *Cannon v. State*, No. 10–0250, 2011 WL 4952944 (Iowa Ct. App. Oct. 19, 2011); *Cannon v. State*, No. 97-2365, 1999 WL 711023 (Iowa Ct. App. Aug. 27, 1999).

The district court dismissed Cannon's fifth PCR action after finding his claims were untimely, procedurally barred, or previously adjudicated. Although his appellate counsel concedes that his "arguments for relief appear to have been repeated throughout the years since his conviction," counsel claims that "his argument concerning DNA has been raised in a different way this time." Ignoring the question of whether Cannon's claims are procedurally barred under Iowa Code section 822.8 (2016) or have been previously adjudicated, any novel "twist" on Cannon's argument does not make his application timely.

Iowa Code section 822.3 requires that a defendant file a PCR application "within three years from the date the conviction or decision is final or, in the event

---

[1] Because counsel in Cannon's second PCR action failed to inform Cannon of the ruling granting the State's motion for summary judgment, Cannon was prevented from filing a timely appeal.

of an appeal, from the date the writ of procedendo is issued." Cannon's fifth PCR application was filed more than twenty years after procedendo issued following his direct appeal of his convictions. In order to avoid the time bar in section 822.3, Cannon must assert "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The question here is not whether the results of the DNA testing of evidence existed in that time period; the question is whether the evidence could have been tested within that time period.[2] To the extent that the evidence in question exists, it existed at the time of Cannon's trial. It is clear that Cannon could have raised the issue of DNA testing within the time limit set forth in section 822.3. His claim is untimely, and therefore the district court properly granted the State's motion for summary disposition. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003) (stating review of statute-of-limitations defense is for correction of errors of law).

After initiating the current PCR action, Cannon filed a motion requesting DNA testing under Iowa Code section 81.10. Because section 81.10 does not contain a time limitation on requests for DNA testing, Cannon argues his application is not untimely. His position is untenable. Section 81.10 does not supersede section 822.3. The absence of a time bar in section 81.10 does not lift the time limit for filing a PCR action that raises claims concerning DNA testing of evidence. It does not convert an untimely PCR action into a timely one.

---

[2] Likewise, the mere possibility that DNA testing could potentially exonerate Cannon does not create a factual dispute precluding summary disposition of his PCR application. *See* Iowa Code § 822.6 ("Disposition on the pleadings and record is not proper if a material issue of fact exists.").

We affirm the order dismissing Cannon's fifth PCR application.

**AFFIRMED.**